Filed March 12, 1884.

---

No. 8810.

### Lemmon v. Moore.

CRIMINAL CONVERSATION.—*Complaint.—Certainty as to Time.—Trespass.—Evidence.*—In an action for damages, for criminal intercourse with the plaintiff's wife, the complaint may, as in actions of trespass, lay the time of the alleged wrongful acts with a *continuando,* and the evidence may be directed to any time within that covered by the complaint.

SAME.—*Motion to Make More Specific.—Continuando.*—Where, in such action, the complaint lays the wrongful acts with a *continuando,* a motion to require the times of the alleged acts of adultery to be more specifically stated should be overruled.

SAME.—*Bill of Particulars.*—As a general rule, in complaints for torts, a bill of particulars will not be ordered.

SAME.—*Instructions.—Harmless Error.*—In such action, in the instructions to the jury as a whole concerning the material facts which the plaintiff must establish, by a fair preponderance of the evidence, to entitle him to recover, their attention was fairly directed to all of the evidence and circumstances adduced on the trial; but in one of such instructions they were told "If these facts are made out by the *plaintiff*'s evidence, to your satisfaction, then you should find for the plaintiff."

*Held*, that, though such instruction was improper standing alone, it did not mislead the jury, and the error was harmless.

SAME.—*Falsus in Uno, Falsus in Omnibus.— Witness.*—The rule "*Falsus in uno, falsus in omnibus,*" applied to the evidence of a witness, must be directed to *material* evidence; and an instruction which asks the court to apply that rule to the testimony of a witness should be refused unless it so applies the rule.

SAME.—*Answer to Interrogatory.—Place of Sexual Acts Immaterial.*—Where, in such action, there was no question rendering the venue of any particular acts of illicit intercourse material to the plaintiff's right to recover, the jury committed no available error, in their answer to defendant's interrogatory, in failing to specify the exact place where such acts were committed.

.From the Noble Circuit Court.

*W. H. Coombs, J. Morris, R. C. Bell* and *A. A. Chapin,* for appellant.

*F. Prickett, H. G. Zimmerman* and *I. E. Knisely,* for appellee.

NIBLACK, J.—Action by Alexander Moore against Stansbury W. Lemmon for the seduction of Hannah L. Moore, the former's wife.

The complaint was in two paragraphs.

The first paragraph charged that the defendant, on the 2d day of October, 1878, and on other days and times between that day and the commencement of this suit, debauched and carnally knew the plaintiff's wife.

The second paragraph charged the defendant with having, on the 7th day of June, 1879, and on divers other days and times between that day and the time of the commencement of this suit, unlawfully and wickedly debauched and carnally known the plaintiff's wife, and with having used his position as physician of the family to accomplish that result.

The defendant moved that the plaintiff be required to make both paragraphs of the complaint more specific by charging the particular times at which the alleged illicit intercourse between his wife and the defendant respectively complained of took place, but the court overruled the motion as to both paragraphs.

Answer, verdict for the plaintiff, assessing his damages at $1,300, and with it answers to special interrogatories submitted to the jury.

The third and fourth interrogatories submitted to the jury at the request of the defendant, with the answers to each, were as follows:

"3d. Did said parties" (meaning the defendant and the plaintiff's wife) "commit adultery in the plaintiff's house?" Answer of the jury: "Yes."

"4th. If so, when and where did they commit said adultery?" Answer of the jury: "Yes; between 2d (of) October, 1878, and 9th of July, 1879."

Before the jury were discharged, the defendant asked that they be required to answer this fourth interrogatory more specifically, both as to time and place, but the court refused to so require the jury, and a new trial being also denied, judgment followed upon the verdict.

The defendant, appealing, concedes that the complaint was sufficient upon demurrer, but insists that under the provisions of the code of 1852, which was in force when this cause was tried, he was entitled to have the charges constituting the *gravamen* of the action made more specific, so that he might have been better enabled to prepare for his defence.

The facts charged in the complaint constitute what is sometimes denominated an action of seduction, but more frequently an action for criminal conversation, and what is termed by some of the text-writers an action of trespass for adultery. Whatever designation may be applied to it, the case made by the complaint is, in all its essential features, analogous to and governed by the same general rules as an action of trespass. 3 Phillipps Ev. 521; 4 Bouvier Inst. 44. This cause, therefore, belongs to that class of actions in which a *continuando* may be laid, and, as a consequence, in which proof of the wrongful acts in issue, committed on any day within the time covered by the complaint, may be proved.

In treating of actions of the class to which this belongs,

Phillipps, *supra*, says: " Any number of adulterous acts may be proved within the limits of the time specified in the declaration; and in addition to this, with a view of explaining the nature of the intimacy between the parties, indecent familiarities may be proved, even earlier than the first mentioned day, though not a previous criminal connection." Vol. 3, p. 526.   See, also, 2 Greenleaf Ev., section 624.

There was nothing in the code of 1852 inconsistent with the rules of pleading and evidence thus stated and recognized, and hence the circuit court did not err in overruling the defendant's motion to have the complaint made more specific.

There has been some discussion between counsel as to whether a bill of particulars might not have been required in this cause, but no such question was made in the circuit court, and consequently that question is not before us for decision.   It may be remarked, however, that as a general rule a bill of particulars will not be ordered in an action for a tort.   On this subject see the cases of *Pylie* v. *Stephen*, 6 M. & W. 813; *Stannard* v. *Ullithorne*, 3 Bing. N. C. 326; *Snelling* v. *Chennells*, 5 Dowl. P. C. 80; *Murphy* v. *Kipp*, 1 Duer, 659; *Derry* v. *Lloyd*, 1 Chitty 724, per BEST, J; *Strong* v. *Strong*, 1 Abb. Pr. N. S. 233; *Henry Ward Beecher's Case*, p. 80; *Tilton* v. *Beecher*, 59 N.Y. 176 (17 Am. R. 337).

The circuit court gave, in connection with others, the jury the following instruction:

" In order to entitle the plaintiff to recover in this action, he is required to prove to your satisfaction, by a fair preponderance of the evidence, a marriage in fact, or, in other words, an actual marriage by the plaintiff to the woman with whom it is alleged the criminal intercourse occurred, and previous to the time or period of the alleged criminal intercourse; that the defendant, at some one time and place, within the period alleged in this complaint (though no precise date or place where an act was committed need be proved), had sexual intercourse with the wife of the plaintiff. *If these facts are*

*made out by the plaintiff's evidence to your satisfaction, then you should find for the plaintiff.* In addition to these facts, however, the plaintiff may show the state of domestic happiness in which he and his wife had lived, previous to the time of the alleged criminal intercourse between her and the defendant, upon the question of the amount of damages he may be entitled to recover."

It is argued that this instruction was too narrow, and hence erroneous; that it required the jury, in determining whether the allegations of the complaint were sustained by sufficient evidence, to look alone to the evidence introduced by the plaintiff, regardless of what the evidence of the defendant may have tended to prove in his defence.

The instruction was obviously obnoxious to criticism in the respect indicated, but the peculiar phraseology objected to was presumably more injurious to the plaintiff than the defendant, and, when taken in connection with the context and other instructions given at the same time, ought to be construed as constituting a harmless error.

The instruction in question first informed the jury that certain enumerated facts had to be established to their satisfaction by a *fair preponderance* of the evidence to entitle the plaintiff to a verdict. The inquiry as to whether these enumerated facts were established by a preponderance of the evidence, necessarily involved the examination and consideration of all the evidence.

The jury were also told in different forms of phraseology, used in several subsequent instructions, that in coming to a conclusion it was their duty to consider all the facts and circumstances adduced at the trial. Suitable instructions were likewise given as to what the jury might consider in defence of the action as well as in mitigation of the damages. Under these circumstances, we feel it to be our duty to hold that the circuit court, in its use of the words "plaintiff's evidence," complained of as erroneous, had reference to all the facts and inferences upon which the plaintiff ostensibly relied for a re-

covery, and upon which he had a right to rely, in connection with the other evidence before the jury. As thus construed there was nothing in the instruction of which the defendant had any just reason to complain. At all events, we are unable to formulate any theory upon which the instruction, as it went to the jury, could have probably worked any injury to the defendant.

There was, in some respects, a sharp conflict in the evidence, and as applicable to that condition of the evidence the defendant asked the court to instruct the jury, that " If from the evidence you should find that any witness has sworn falsely and purposely, with a view to criminate the defendant, you may throw aside his whole testimony, except so far as it may satisfactorily be corroborated by other credible testimony."

The court refused to so instruct the jury, and complaint is made of the proceedings below in that respect.

. "*Falsus in uno, falsus in omnibus*," is an old and much used maxim as applicable to the law of evidence, and one to which frequent interpretations have been given by the courts. In the light of these interpretations, the maxim may be said to mean that where a witness swears falsely as to some material matter in a cause, the jury are at liberty to disregard his testimony in other respects, unless corroborated. A witness occupying such a position before a jury is, as to his credibility, very much in the attitude of an accomplice in crime, who has consented to testify as a witness for the State. But the rule so tersely illustrated by this maxim only applies to witnesses who have sworn falsely as to some *material* matter affecting the issue at the trial. 1 Greenl. Evi., section 461 and note; *Mercer* v. *Wright,* 3 Wis. 645; *Stoffer* v. *State,* 15 Ohio St. 47; Whart. Ev., section 412.

The instruction refused, failing as it did to make any reference to the materiality of the false testimony which might be held sufficient to totally discredit a witness, did not cor-

rectly state the rule as we have deduced it from the authorities, and was for that reason correctly refused.

There was no question in the cause, as it was given to the jury, which made the venue of any particular act of illicit intercourse material, except in so far as the place named might have served to distinguish one of such acts from another, while considering the evidence. It was, therefore, asking the jury to perform a work of supererogation when they were required to answer as to the places at which acts of illicit intercourse were, in their estimation, proven to have taken place, and the jury were justified in failing to answer as to such places. From what has been said on the subject of the motion to have the complaint made more specific, it follows, as a necessary inference, that the answer of the jury to the defendant's fourth interrogatory was sufficiently specific as to time.

The judgment is affirmed, with costs.

Filed March 7, 1884.