## In re FILER.

### (District Court, S. D. New York.   April 27, 1901.)

**1. BANKRUPTCY—PROVABLE DEBTS.**

A claim for money obtained by the bankrupt from the claimant by fraudulent means, of such character that the claimant might waive the tort and sue on an implied contract, is provable in bankruptcy.

**2. SAME.**

Where a bankrupt who was in the employ of a firm of brokers caused them to purchase stocks on false and fictitious orders purporting to have been given by customers, such purchases being in fact intended for his own benefit, the firm had the right to treat him as the principal in the transactions, and to prove the debt against him in bankruptcy, as one for money paid at his request and for his use.

**3. SAME.**

A claim against the estate of a bankrupt for sums of money obtained by him from the claimants, while in their employ, by forging indorsements on checks and cashing the same, by taking cash from the drawer, and by inducing them to purchase stocks on false and fictitious orders, cannot be denied allowance, as an unliquidated demand, where the amounts taken from and paid out by the claimants are certain.

**4. SAME—PREFERENCES.**

Where a bankrupt caused a firm of brokers to purchase stocks for his benefit, which they held as collateral security for the money advanced in making the purchases, the sale of such stocks by them within four months prior to the bankruptcy for the purpose of liquidating his account did not create a preference, requiring the firm to surrender the sums received for the stocks before proving their debt in bankruptcy.

In Bankruptcy.   On review of decision of referee allowing the claim of Kohn & Co.

The following is the opinion of Dexter, referee (April 10, 1901):

Kohn & Co., bankers and brokers in the city of New York, present a verified claim against the above-named bankrupt in the sum of $86,248.21, arising out of the following transactions:   William B. Filer was the bookkeeper and cashier of the claimants, and as such abused the confidence placed in him, and by various fraudulent acts obtained moneys from his employers, and misappropriated the same to his own use.   The first three items of indebtedness, amounting to $12,000, inclusive of interest, are based upon the taking of that amount of money by means of checks of Kohn & Co. intrusted to the bankrupt, and paid to him upon forged indorsements; the bankrupt concealing his thefts by false entries upon the books of account of the firm.   The fourth, fifth, and sixth items of indebtedness are based upon the taking by the bankrupt of specified amounts of money from Kohn & Co., aggregating $3,696, and differ from the first three items only in the manner of taking; the money having been taken from the cash drawer of Kohn & Co., instead of from the firm's bank account, and similarly concealed by false entries in the firm's books.   The seventh item of indebtedness is the largest part of the claim, amounting to $70,593.91, and is based upon moneys laid out and expended for account of said bankrupt in the purchase of stocks and bonds, which the said bankrupt caused the firm to purchase upon the false and fraudulent pretense that such purchases had been ordered by divers customers of the firm, whereas in fact no such purchases had been ordered by these customers, but the purchases were caused to be made by the bankrupt with the intention on his part of appropriating to his own use the bonds and stocks, or the profits to accrue from the subsequent sales thereof.   It is also based upon services rendered in making the purchase and sales of such stocks and bonds at the customary rates of charge for brokers' commissions.   To this proof of debt, preliminary objections have been filed by certain creditors upon the grounds:   First, to

each and every item of said claim on the ground that the same is not a debt which may be proved as provided in the United States bankruptcy law; second, to each and every item of said claim on the ground that the same is unliquidated; third, to each and every item of said claim on the ground that said Kohn & Co., alleged creditors, have received preferences which have not been surrendered.

The objection that the debts due Kohn & Co. are not provable in bankruptcy must be overruled. The several debts are susceptible of two constructions: They may be treated as contracts implied in law, or as claims based upon a tort. It is well settled that where a claim arises ex delicto, but is also of such a character as to constitute a claim on the theory of quasi contract, the debt is provable in bankruptcy. The creditor has the election to waive the tort and sue in contract. In re Hirschman, 4 Am. Bankr. R. 715, 104 Fed. 69; In re Lazarovic, 1 Am. Bankr. R. 476. I can add nothing to the well-considered opinion in Re Hirschman.

As to the items of the account exclusive of the seventh and largest item, it is apparent that the proof of debt specifically alleges that the bankrupt received the moneys obtained by the checks and from the cash drawer. The claim as to these items is clearly based upon a claim for moneys had and received by the bankrupt to the use of the claimants.

As to the seventh item of indebtedness—that the sales were for account of said bankrupt—I am of the opinion that the claim specifically alleges a good cause of action in the nature of contract, and is provable in bankruptcy. There is a distinct allegation that the brokers laid out and expended for the account of the bankrupt divers and sundry sums for the purchase of divers and sundry stocks. The remaining portion of the claim is merely evidential, and sets forth the manner in which the firm were induced to purchase or subscribe and pay for these bonds and stocks. The objecting creditors strenuously urge that the claim as stated is purely a cause of action for damages caused by the fraudulent representations of the bankrupt. I cannot accede to this contention. This is not a case of where a third party makes representations as to the financial responsibility and credit of a proposed vendee, knowing the statements to be false. In such a case it may be that the vendor, who parts with his goods on the faith of such representations, may recover his loss from the party making the false representations, and sue in tort. I take it in this case that the bankrupt could, at the election of the firm, be treated as the principal. It was for them only to make the election of remedies. They have chosen to treat this fraudulent account as made for the bankrupt's account. The fact that he used the names of bona fide customers of the firm does not, in my opinion, alter the case, any more than if he had used entirely fictitious names. The fraud was the inducing cause of the transaction, but the transaction itself was clearly as stated in their claim, namely, an expenditure for account of the bankrupt. He cannot be heard to question this disposition of the matter, as it is the one most favorable to him. Nor can the customers whose names were fraudulently used as a cover for the bankrupt's operations be prejudiced. There was no pretense that the bankrupt was the agent of these customers. He was merely an employé of their brokers, and no contractual relations could exist towards third parties, arising from this employment. It is contended by the claimants that in order to constitute an implied contract, under this case, there must be an unjust enrichment of the person whose promise is implied. That is unquestionably true; but if the account was the bankrupt's—if he took whatever profits were made, or was putting himself in a position to reap all the benefit from the account, as the principal, at an expenditure of money for his account by Kohn & Co.—this was an expenditure for the bankrupt's use, and he distinctly received a benefit from it, as a matter of law. The fact that the money was lost in a speculation does not detract from the character of the demand, any more than if, when the bankrupt drew the money out of the drawer, he had lost the money from his pocket. It may be stated as a general proposition that a plaintiff can recover against a defendant, as for money paid to his use, to the extent of the claim paid by the plaintiff which should have been paid by the defendant. Keener on Quasi Contracts, p. 396 et seq.

The second objection, that the claim is not provable for the reason that it is unliquidated, must also be overruled, as, in the view which I have taken of the transaction, the claim, as presented, is for a liquidated amount. It is absolutely certain what is due, and how much is due. No further computation or any extrinsic evidence is necessary to show what that amount is. The measure of damages is the actual amount of money taken, which amount is stated; but, even as an unliquidated account, it could still be proven in bankruptcy. Bankr. Act July 1, 1898, c. 541, § 63, subd. "b," 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]; In re Rouse, 1 Am. Bankr. R. 393.

The third objection is that the claim is not provable for the reason that Kohn & Co. have received preferences which have not been surrendered. The preference that was obtained by the attachment mentioned in the claim has been expressly surrendered, but the objecting creditor contends that it appears on the face of the schedules annexed to the claim that Kohn & Co. received various sums of money from Filer on account of purchases and sales subsequent to the date of his absconding, when they knew that he was insolvent, and within a few days thereafter obtained an attachment against his property. Some of these items to which my attention has been called are within the period of four months prior to the filing of the petition. It does not seem to me that these various credits fall within the category of payments. They appear to be sales of stocks made for the purpose of showing the amount of the indebtedness due from the bankrupt—in other words, of stating the account. The stocks were purchased, under the theory of the claim, for the account of the bankrupt, and held by Kohn & Co. as collateral to the loan of the money used in their purchase. This is the usual theory of brokers' purchases and sales. So far as appears, the stocks came into the possession of Kohn & Co. before the bankrupt absconded. The fact that they were sold subsequently for the purpose of liquidating his account does not create a preference. It was merely a change of property from one form to another—from stock to money—and the bankrupt transferred nothing which would enable the creditor to obtain a greater per cent. for his debt than any other creditor, but the sale merely determined the amount of the debt. Of course, upon the hearing upon the merits, if evidence is offered to controvert this prima facie claim, and to show that a preference was created, a proper direction may be made according to the equities of the case.

For the reasons aforesaid, I overrule the objections to the claim of Kohn & Co., and allow the claim as proved.

The above facts, with my opinion thereon, are certified to the learned district judge for his decision.

Nicoll, Anable & Lindsay, for claimants Kohn & Co.
Fleischman & Fox, for objecting creditors.

BROWN, District Judge. I have carefully examined the authorities cited in opposition to the claim of Kohn & Co., in the seventh paragraph, and do not think them applicable. I am of the opinion that the referee's ruling was correct, on the ground that Kohn & Co. had the right to treat the bankrupt as the principal in the purchase of stocks which he had induced them to purchase under false and fictitious orders. The bankrupt was in fact the real principal. There was no other. The purchases were by his order, and were intended to be for his benefit; and, on such facts, he would be estopped to deny that he was the real principal, and an action in assumpsit would lie as for moneys paid at his request and for his use. Bayley v. Wilkins, 7 C. B. 886; Westropp v. Solomon, 8 C. B. 345; Smith v. Ludio, 5 C. B. (N. S.) 587; Brittian v. Lloyd, 14 M. & W. 762; Perin v. Parker, 126 Ill. 201, 18 N. E. 747, 2 L. R. A. 336, 9 Am. St. Rep. 571; Id., 25 Ill. App. 465. Such a debt is provable in bankruptcy. On the other points, also, I think the referee's ruling is correct.