## REINHARDT v. FRIEDERICH.

[No. 8,482.    Filed March 26, 1915.]

**1.** MALPRACTICE.—*Nature of Action.—Complaint.*—While one injured by the malpractice of a physician may declare upon the facts, either in contract or in tort, the action will not be treated as *ex contractu*, unless the complaint sets forth a promise to enter, instead of a mere entrance upon, the employment.  p. 523.

**2.** MALPRACTICE.—*Nature of Action.—Complaint.*—A complaint for malpractice, though alleging that defendant was employed as a physician and surgeon and was paid a reward to attend and care for plaintiff's wife, must be treated as an action in tort in the absence of any allegation that the employment of defendant was by the plaintiff.  p. 424.

**3.** BANKRUPTCY.—*"Provable Debt".—Right of Action in Tort.*— Where a party has a cause of action, which, at his election, he may maintain either upon contract or in tort, the claim or cause of action is a provable debt under the bankruptcy act.  p. 424.

**4.** BANKRUPTCY.—*Discharge.—Pleading Action for Malpractice.— Bankruptcy of Physician.*—Notwithstanding a wife may by special contract become individually liable for the services of a physician, the liability for such services is ordinarily against the husband as for necessaries furnished to the wife; hence, so far as disclosed by a complaint for malpractice by a physician in the treatment of plaintiff's wife, alleging the employment of the physician, but not averring by whom he was employed, the plaintiff might have maintained an action against the physician for breach of contract, by reason of which the claim must be deemed a provable claim under the bankruptcy act, and the discharge of the physician in a bankruptcy proceeding was properly pleaded as a defense to the action.  p. 425.

5. BANKRUPTCY.—*Discharge.*—*Pleading.*—*Notice to Creditors.*—In an action against a physician for malpractice, where defendant pleaded a discharge in bankruptcy, alleging that though he had not scheduled the plaintiff's claim in the bankruptcy proceeding for the reason that he did not regard himself as owing anything to plaintiff, the plaintiff had actual knowledge of such bankruptcy proceeding and failed to prove his claim, the averment of notice was sufficient to withstand a demurrer to the answer as not stating a defense. p. 425.

From Lake Superior Court; *Lawrence Becker,* Judge.

Action by Henry Reinhardt against Louis E. Friederich. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*D. J. Moran,* for appellant.

*L. V. Cravens* and *E. W. Schottler,* for appellee.

POWERS, J.—The only error relied on by appellant is the overruling of the demurrer to the second paragraph of appellee's answer.

The appellant brought this action against the appellee, who was a physician, to recover for alleged malpractice. It is alleged in the complaint, in substance, that on May 5, 1907, appellant's wife suffered a dislocation of one of her shoulders, and a fracture of a bone in one of her arms near the elbow; that appellee was employed to treat her, and that he accepted the employment and undertook to treat and care skilfully and properly for her, and did attend and treat her for a period of four weeks, but that he negligently and carelessly failed to make any proper or sufficient examination, and failed to discover that she had suffered a fracture of one of the bones of her arm; and that he was otherwise ignorant, negligent, careless and lacking in skill in his treatment of the wounds of the appellant's wife, in the manner specified in the complaint; that appellant has been damaged by the tortious and negligent acts of the appellee.

Appellee by his second paragraph of answer alleged that he was adjudged a voluntary bankrupt by the United States

District Court, for the District of Indiana, on September 6, 1909; that in December, 1909, he filed his petition for a discharge, and that the district court set said petition for hearing on January 31, 1910, and that notice of such petition and time of hearing was duly given by publication, and that on the date set for such hearing, the petition was heard, and the decree of discharge from bankruptcy was rendered in favor of appellee. Appellee further alleges that he did not schedule appellant as a creditor and list his claim as an indebtedness, for the reason that he did not claim to owe anything on account of the alleged services, and that he never regarded said indebtedness a just claim against him, and he further alleges that the appellant knew of said petition for a discharge and of the publication of notice of the time and hearing thereof. Appellant communicated with the clerk of the United States court relative to the discharge of appellee prior to the time he was discharged. Appellant's demurrer to this paragraph of answer was for the reason that it did not state facts sufficient to constitute a defense to appellant's complaint. The demurrer was overruled and an exception to the ruling taken by the appellant, and upon his refusal to plead further, judgment was rendered against him, from which this appeal is taken.

It is the contention of appellant, that the averments of the complaint show that this is an action based upon a tort, and not upon a contract, and therefore was not

1. a provable debt in appellee's bankruptcy proceeding. It is difficult in many instances in cases of this character, to determine whether they are brought upon a liability growing out of tort or of contract. The true rule is stated in *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308, that where the plaintiff may declare upon his facts, either in contract or in tort, it should not be assumed that the action is *ex contractu* unless the complaint sets forth a promise, for it is the promise instead of the entering upon the retainer or employment, that distinguishes the

action on the contract from that in tort, and this is an affirmance of a general rule of pleading. 1 Chitty, Pleading (16th Am. ed.) 502, 503. It will be observed that while it is alleged that appellee was employed as a physician and surgeon, and was paid a reward to care for properly and skilfully and attend and cure appellant's wife, it is nowhere alleged that such employment of appellee was by appellant. The language used by the pleader in the complaint in question, is substantially the same as that employed in the case of *Boor* v. *Lowry* (1885), 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519, which in both the principal and dissenting opinions was held to charge an action in tort. See also *DeHart* v. *Haun* (1890), 126 Ind. 378, 26 N. E. 61. In our opinion the complaint in this action is founded upon alleged tortious acts of appellee, and not upon contractual liability.

But we are not inclined to place so much importance upon the nature of the action, for even if it is an action *ex delicto,* the fact would not be of controlling importance in the determination of the questions involved.

The rule seems to be well established that where a party has a cause of action, which, at his election, he may maintain either upon contract or in tort, then such claim or cause of action becomes a provable debt under the bankruptcy act. *Crawford* v. *Burke* (1904), 195 U. S. 176, 194, 25 Sup. Ct. 9, 49 L. Ed. 147; *In re Hirschman* (1900), 104 Fed. 69, 4 Am. Bank. Rep. 715; *Clarke* v. *Rogers* (1910), 183 Fed. 518, 106 C. C. A. 64, 26 Am. Bank. Rep. 413; *Disler* v. *McCauley* (1901), 66 App. Div. 42, 73 N. Y. Supp. 270, 7 Am. Bank. Rep. 138; Collier, Bankruptcy (9th ed.) 396, 853, 870; 1 Loveland, Bankruptcy (3d ed.) §§291-307; *In re Filer* (1901), 125 Fed. 261; *Tinker* v. *Colwell* (1904), 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754; *Barrett* v. *Prince* (1906), 143 Fed. 302, 74 C. C. A. 440.

As we have remarked before, the complaint is silent as to who contracted with the physician for the services ren-

dered appellant's wife. Under §7851 Burns 1914, §5115 R. S. 1881, a wife might by special contract become individually liable for the services of a physician. *Elliott* v. *Gregory* (1888), 115 Ind. 98, 17 N. E. 196; *Young* v. *McFadden* (1890), 125 Ind. 254, 25 N. E. 284. But ordinarily the husband is liable for necessaries furnished his wife, which include services of a physician or surgeon. *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 34 N. E. 5, 37 N. E. 719. This being true, the complaint shows that appellant might have maintained an action for breach of contract upon the facts in this case. *Lane* v. *Boicourt* (1891), 128 Ind. 420, 27 N. E. 1111, 25 Am. St. 442, and cases cited.

Therefore under the authorities cited, his claim became a provable one in the bankruptcy proceedings. A question might have been raised as to whether the United States District Court acquired jurisdiction of appellant as a creditor in appellee's bankruptcy proceedings, so that appellee's discharge as a bankrupt released him from all liability in this suit. Section 17 of the bankruptcy act specified debts not affected by a discharge, the third subdivision of which provides that a discharge will not have such effect upon claims that, "have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." §9601 U. S. Comp. Stat. 1913. Appellee admits in his answer that he did not schedule the claim sued on herein, but further alleges that appellant had actual knowledge of the proceedings in bankruptcy in time to have filed a claim against him, previous to his discharge. The averments of the notice we believe are sufficient to withstand a demurrer. *Zimmerman* v. *Ketchum* (1903), 66 Kan. 98, 71 Pac. 264, 11 Am. Bank. Rep. 190; *Birkett* v. *Columbia Bank* (1904), 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231, 12 Am. Bank. Rep. 691, 693; Collier, Bankruptcy (9th ed.) 399. In view of the author-

ities cited, the answer states facts sufficient to constitute a defense to appellant's complaint. The court did not err in overruling the demurrer to the same. Judgment affirmed.

PER CURIAM.—The foregoing opinion was prepared by Powers, J., and it is now adopted by the court and concurred in by all members, except Ibach, J., who did not participate.

NOTE.—Reported in 108 N. E. 258. As to liability of physicians for negligence and malpractice, see 48 Am. Dec. 481; 93 Am. St. 657. See, also, under (1, 2) 30 Cyc. 1581; (3) 5 Cyc. 325; (4) 21 Cyc. 1448; 5 Cyc. 325, 397; (5) 5 Cyc. 406.