HOOPER *v.* PREUSS.

[No. 16,534.   Filed November 14, 1941.]

*Sheehan & Lyddick* and *Alex Pendleton,* all of Gary, for appellant.

*H. J. Douthett* and *J. M. Stinson,* both of Hammond, for appellee.

FLANAGAN, J.—This action was brought by appellee, George Preuss, against the appellant, Asa Hooper, for damages by reason of medical expense and the loss of the services and society of his wife, resulting from an assault and battery upon her by appellant.

The verdict of the jury was for appellee in the sum of $2,875. Upon the filing by appellee of a remittitur in the sum of $1,875, the court entered judgment on the verdict in the sum of $1,000.

The sole error assigned is the overruling of appellant's motion for a new trial. Its grounds are: (1) Excessive damages; (2) the verdict is not sustained by sufficient evidence; (3) the verdict is contrary to law; (4) error in the giving and refusal of certain instructions; and (5) error in admission and rejection of certain evidence.

The only proposition presented under the first three assignments of the motion is that there was no evidence

on which the jury could have based the amount of its verdict.

There is evidence to the effect that appellee's wife, as a result of the assault and battery, suffered injuries to her head, including a contusion and a concussion which caused her to be confined in a hospital for nine days, and caused her headaches which continued from the time of the injury up to the time of trial, a period of over six years, so as to prevent her from performing her usual domestic duties, and to deprive appellee of her association and society. Medical and hospital expense of $237.30 was incurred. The above seems to us ample evidence to support a verdict of $1,000, the amount after the remittitur was filed.

Appellant contends that appellee is not entitled to recover the medical expense because the doctor testified that he made the charge against the wife. There is no merit in such contention. There is no evidence that the wife agreed to accept the liability, and the husband is therefore entitled to recover for it. *Reinhardt* v. *Friederich* (1915), 58 Ind. App. 421, 108 N. E. 258; *Indiana Union Traction Co.* v. *McKinney* (1906), 39 Ind. App. 86, 78 N. E. 203; *Board of Commissioners of Shelby County* v. *Castetter* (1893), 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687; *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 34 N. E. 5, 37 N. E. 719.

Appellant also insists that there is no evidence of the value of the wife's services and society, and therefore the jury could not fix the amount of damage for such loss. Such evidence is not necessary. As our Supreme Court said in the case of *Indianapolis Traction, etc., Co.* v. *Menze* (1909), 173 Ind. 31, 36, 88 N. E. 929, 89 N. E. 370:

"The damages from the loss of services, society and companionship of a wife is not in its nature

susceptible of direct proof, but when the facts are shown the assessment of compensation must be committed to the sound discretion and judgment of the trial court or jury."

Appellant also contends that since the complaint contains no averments as to any loss after the time of the filing of the complaint, evidence as to any such loss was not competent for the jury's consideration. Appellant has failed to point out wherein he made timely objection when such evidence was offered, and we must therefore consider the complaint amended to conform to the proof. § 2-3231, Burns' 1933, § 505, Baldwin's 1934.

Appellant next complains of the refusal of certain instructions tendered by him. Where error is so predicated, appellant must set out all the instructions given at the trial. *Wood* v. *C. & E. R. R. Co.* (1939), 215 Ind. 467, 18 N. E. (2d) 772, 20 N. E. (2d) 642; *Maxey* v. *State* (1938), 214 Ind. 623, 16 N. E. (2d) 880. This he has failed to do, and therefore has presented no questions as to such instructions.

Appellant also complains of instructions numbered 6, 18, and 19 given by the court of its own motion. Instruction numbered 6 is as follows:

"If you believe from the evidence that any witness in this case has knowingly and wilfully sworn falsely to any matter material to the issue in this case, then you are at liberty to disregard the entire testimony of such witness, except as it has been corroborated by other credible evidence."

Appellant has not pointed out wherein he asserts that the instruction is erroneous. We think it correctly states the law. See *Lemmon* v. *Moore* (1884), 94 Ind. 40; *Selz, Schwab & Co.* v. *Gullion* (1918), 187 Ind. 328, 119 N. E. 209; *Finch, Admr.,* v. *McClellan* (1922), 77 Ind. App. 533, 130 N. E. 13, 131 N. E. 236.

The court's instructions numbered 18 and 19 inform the jury that if it finds from the evidence certain stated facts, it must find for the "defendant" (plaintiff). ■ Appellant claims that these instructions do not contain all the necessary elements for mandatory instructions. However, he fails to point out any omissions and we do not find any.

Also in the court's instruction numbered 19, appellant says the court used the word "defendant" when the word "plaintiff" should have been used. That ■ this was a typographical error is so obvious that the jury could not have been misled.

Appellant next complains of the court's refusal to admit into evidence, pages 513 and 514 of 11 N. E. (2d) which were offered for the purpose of proving ■ the judgment of this court in the case there reported.

The judgment in question related to a different cause of action and was rendered long after the assault and battery here involved. It was not in any way relevant to the issues, and no error was committed in refusing its admittance.

Appellant next contends that the court should have admitted into evidence his exhibit numbered 2, which was an affidavit of appellee, George Preuss, filed ■ nearly two years after the assault and battery here involved, as an answer to a contempt citation in another and separate case. We have examined the affidavit carefully, and we can find nothing in it which could in any manner be relevant to the issues in this case. The court properly refused its admittance.

Appellant next says that the court erred in admitting into evidence and refusing to strike out "all the testi-

mony of plaintiff and of Emma Preuss as to any money expended or obligations incurred by the plaintiff subsequent to the filing of plaintiff's complaint." But no attempt is made to point out or set out even in substance the questions asked, the objections made, or the rulings thereon; and therefore no question is presented. *Shank Fireproof Warehouse Co.* v. *Harlan* (1941), 108 Ind. App. 592, 29 N. E. (2d) 1003; *Heltonville Manufacturing Company* v. *Fields* (1894), 138 Ind. 58, 36 N. E. 529.

Judgment affirmed.

Curtis, J., not participating.

NOTE.—Reported in 37 N. E. (2d) 687.