ILLINOIS CENTRAL GULF RAILROAD
COMPANY, Robert L. Waltrip,
Appellants-Defendants,

v.

Bertha Fay PARKS, Jessie L. Parks,
Appellees-Plaintiffs.

No. 1–278A43.

Court of Appeals of Indiana,
First District.

June 25, 1979.

Rehearing Denied July 31, 1979.

Parks' car and an Illinois Central Gulf train which resulted in Bertha's personal injuries and Jessie's loss of Bertha's services and consortium.

Illinois Central Gulf appeals the judgment in favor of Bertha, raising three issues for review:

(1) Whether the judgment is contrary to the law and the evidence in that Bertha was contributorily negligent as a matter of law;

(2) Whether the trial court committed reversible error in giving Court's Instruction No. 5 F; and

(3) Whether the trial court committed reversible error in giving Plaintiffs' Instruction No. 1.

We affirm.

### Issue I.

Illinois Central Gulf's first argument is based on the position that the jury verdict and judgment thereon in favor of Bertha are inconsistent with the verdict and judgment thereon against Jessie and are therefore contrary to law. The railroad cites no authority for this position and thus could be considered to have waived it under Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). We prefer, however, to address the contention on its merits.

██ Under the law, a verdict may be bad and may be found not to support a judgment if it is legally or logically inconsistent, contradictory or repugnant, 28 I.L.E. *Trials* § 316 (1960); 89 C.J.S. *Trial* §§ 496 and 500 (1955); *Indianapolis Newspapers, Inc. v. Fields*, (1970) 254 Ind. 219, 259 N.E.2d 651, but the court indulges every reasonable presumption in favor of the legality of jury verdicts. *Indianapolis Newspapers, Inc., supra; Central Union Telephone Co. v. Fehring*, (1896) 146 Ind. 189, 45 N.E. 64.

██ The railroad's argument starts with the basic premise that the form and substance of the jury verdict establish that Jessie's claim for damages was rejected by the jury because the jury found him contributorily negligent. Building on this

Robert H. Hahn, George A. Porch, Evansville, for appellant-defendant Illinois Central Gulf Railroad Company; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.

Glenn A. Grampp, James D. Lopp, Sr., James D. Lopp, Jr., Evansville, for appellees-plaintiffs; Lopp, Lopp & Grampp, Evansville, of counsel.

LYBROOK, Judge.

In an action brought by Bertha Fay and Jessie L. Parks, husband and wife, against the Illinois Central Gulf Railroad Co. and its engineer Robert L. Waltrip, judgment was entered on a jury verdict as follows: Bertha was to recover $30,000 for her personal injuries from Illinois Central Gulf but take nothing from Waltrip; Jessie was to take nothing for loss of his wife's services and consortium from either defendant.

The Parks' complaint alleged that Illinois Central Gulf and Waltrip negligently operated a train and that this negligence proximately caused the collision between the

premise, the railroad argues that Bertha is contributorily negligent as a matter of law under one of two theories: 1) that the contributory negligence of a vehicle's operator is imputed to the vehicle owner present in the vehicle; or 2) that the evidence in relation to Jessie is identical to the evidence in relation to Bertha, requiring the jury to find her contributorily negligent also. Illinois Central Gulf's basic premise fails and with it the rest of its argument.

The railroad contends that the $30,000 verdict against the railroad and in favor of Bertha shows that the jury necessarily found that the railroad was negligent and that this negligence proximately caused Bertha's injuries. With this, we agree. The railroad next asserts that the finding against Jessie and for the defendants shows that the jury necessarily found that Jessie was contributorily negligent. With this, we cannot agree.

To find for Jessie under the pleadings in the case at bar, a jury would have to find: 1) that Illinois Central Gulf was negligent; 2) that its negligence proximately caused the injuries to Bertha; 3) that Jessie suffered damages as a result of Bertha's injuries; and 4) that Jessie's damages were not proximately caused by any negligence on his own part. Given the verdict for Bertha, the first two propositions were necessarily found by the jury. The jury's failure to award Jessie any money damages could be the result of a finding of contributory negligence, but it could also be the result of a failure to find compensable damages.

In his complaint, Jessie sought to recover money damages for his loss of his wife's services and consortium and for his expenditures for her medical care. At the close of their evidence, plaintiffs moved to amend the pleadings to conform to the evidence and the motion was granted. In the instructions, the jury was told to consider as an element of Bertha's damages "the reasonable expense of necessary medical care, treatment and services and the expense of future medical care, treatment and services, if any." This element was stricken from the tendered instruction on the elements of Jessie's damages. Consequently, Jessie asked the jury only for money damages for "the reasonable value of the loss of the services, society and companionship of plaintiff's wife and the present cash value of the services, society and companionship of which plaintiff is reasonably certain to be lost in the future, if any." The jury verdict against Jessie could mean that Jessie failed his burden of proving compensable damages.

The railroad contends that this could not have been the basis for the jury finding against Jessie because the evidence as to Jessie's damages from the loss of his wife's services and consortium was uncontroverted. Much of the testimony on damages cited by the railroad to this court went to Bertha's activities after the accident as compared to her activities before the accident in terms of her role in the operation and maintenance of rental properties in conjunction with her husband. This testimony was relevant to an element of Bertha's claim for damages, "the value of lost time and loss or impairment of earning capacity, if any."

We agree with Bertha that the evidence directly relevant to Jessie's damages was minimal. Jessie testified that he is unable to enjoy camping and fishing with his wife as much as he did prior to the accident and that he now fixes breakfast and lunch and helps with the housework more than he previously did. Bertha testified to an expenditure for hired help of "$1550 or somewhere around in there" but the record of her testimony indicates that this was largely in relation to the rental property maintenance and not the housework.

■ The assessment of damages for a husband's loss of his wife's services and consortium is committed to the sound discretion of the jury. 9 I.L.E. *Damages* § 185 (1971); *Hooper v. Preuss*, (1941) 109 Ind. App. 638, 37 N.E.2d 687. On the issue of damages incurred by Jessie, the jury was instructed:

"If you find for the plaintiff, Jessie L. Parks, on the question of liability, *you* then *must determine the amount of mon-*

ey which will fairly compensate him for those elements of damage which were proved by the evidence to have resulted from the negligence of the defendants. You may consider: 1. The reasonable value of the loss of the services, society and companionship of plaintiff's wife and the present cash value of the services, society and companionship of which plaintiff is reasonably certain to be lost in the future, if any.

You are to determine whether these elements of damage have been proved by a consideration of the evidence relating to the damages. Your verdict must be based on that evidence and not on guess or speculation." (Emphasis added.)

This instruction could reasonably have been interpreted by the jury as saying to it that it had a right to find that Jessie had not proven damages, even though it was also of the opinion that the railroad's negligence alone caused the accident. See Niemeyer v. Lee, (1969) 144 Ind.App. 161, 245 N.E.2d 178.

### Issue II.

Illinois Central Gulf next objects to the giving of the following portion of Court's Instruction No. 5 F:

"The plaintiffs, Bertha Fay Parks and Jessie L. Parks, have the burden of proving the following propositions:

First, That the defendants were negligent in one or more of the following particulars:

\* \* \* \* \* \*

4. That the defendants failed to make a timely and appropriate application of the brakes of the train upon seeing the plaintiffs' position of peril."

Court's Instruction No. 5 F, in its entirety, appears from the record to be the court's restatement of the specific allegations of negligence and contributory negligence prepared by the parties, submitted to the court

before trial, and incorporated into the court's pretrial order. The portion at issue here is one of plaintiffs' allegations of negligence.

The railroad argues that the contested portion of the instruction is, in substance, an instruction on the doctrine of last clear chance.[1] It contends that the giving of the instruction was reversible error because, as an instruction on the doctrine of last clear chance, it is: 1) not supported by sufficient evidence to render the doctrine applicable; and 2) a mandatory instruction that does not contain all the essential elements of the doctrine; or 3) a nonmandatory instruction whose incompleteness is not cured by the other instructions given by the court.[2]

Once again, the railroad's entire argument falls with the failure of its basic premise. The contested portion of the instruction is not an instruction on the doctrine of last clear chance. It is merely a restatement of one of the plaintiffs' allegations of error.

In defining the duties of the railroad, the trial court gave the following instructions, among others:

Defendant's Instruction No. 4: "You are instructed that where a train is approaching and in plain view of a motorist also approaching a railroad crossing, a railroad employee may reasonably assume, until the motorist's conduct indicates otherwise, that the motorist will stop prior to entering upon the crossing." (Emphasis added.)

Plaintiffs' Instruction No. 2: "I instruct you that it is the duty of those running a locomotive to exercise reasonable care in looking ahead to discover persons or objects on the tracks at crossings, and to exercise care to avoid accidents." (Emphasis added.)

Illinois Central Gulf does not object to these two instructions.

---

1. The court refused to give an instruction tendered by the plaintiffs which set out the elements of the last clear chance doctrine.

2. Illinois Central Gulf also argues that the instruction misled or confused the jury but this issue was waived because it was not included in the motion to correct errors.

■ We interpret the contested portion of Court's Instruction No. 5 F as being no more than the court's telling the jury that the plaintiffs had the burden of proving that the railroad failed the duty referred to in the emphasized portions of the above two instructions in the manner in which the plaintiffs specifically alleged.

### Issue III.

Illinois Central Gulf lastly claims error in the trial court's giving of the following portion of Plaintiffs' Instruction No. 1:

> "The Court instructs you that at all times pertinent hereto there were statutes in the State of Indiana providing as follows:
>
> *       *       *       *       *       *
>
> 'Unobstructed view at crossings. Each railroad in the state of Indiana shall maintain each public crossing under its control in such a manner that the operator of any licensed motor vehicle has an unobstructed view for fifteen hundred (1500) feet in both directions along the railroad right-of-way subject only to terrain elevations or depressions, track curvature, or permanent improvements.' [3]
>
> The Court further instructs you the jury that where one violates a statute without excuse or justification he will be guilty of negligence as a matter of law."

The railroad contends: 1) that the statutory language is vague and ambiguous in failing to set forth at what point in relation to the crossing a motorist must have the specified unobstructed view, and thus provided no proper guidance for the jury; and 2) that the instruction is a mandatory one which fails to contain language instructing the jury on the essential element of proximate cause.

■■ While it is true that the trial court is under a general duty to define in its instructions technical or legal phrases relevant to the material issues when timely and properly requested to do so, *Love v. Harris,* (1957) 127 Ind.App. 505, 143 N.E.2d 450, we find no such technical or legal phrases in the statutory language. The legislature in-

tended the statute as a standard to guide the railroads in the maintenance of their property. In fairness to the railroads, it must mean that the railroads shall maintain their rights-of-way free of obstructions 1500 feet in both directions from the point of crossing.

Jurors take with them into the jury room their knowledge of everyday language, their common sense, and the ordinary experiences of everyday life which have molded their perspectives. We see no reason to doubt that the jury arrived at the proper interpretation of the statutory language.

■ Illinois Central Gulf is also incorrect in its assertion that the instruction is mandatory. A mandatory instruction is one which unequivocally charges the jurors that, if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith for the plaintiff or defendant. 2 Wiltrout, Indiana Practice § 1400 at 344 (1967); *Davison v. Williams,* (1968) 251 Ind. 448, 242 N.E.2d 101.

■ Plaintiffs' Instruction No. 1 directed the jurors that, if they found that Illinois Central Gulf violated the statute without excuse or justification, the railroad would be negligent as a matter of law. Negligence *per se* is not liability *per se.* Plaintiff still had to prove the other elements of her case, that she was injured and that negligence of the railroad was the proximate cause of her injuries. Not all applicable principles of the law need be stated in one instruction and all the instructions are to be read together and as a whole. *Kiger v. Arco Auto Carriers, Inc.,* (1969) 144 Ind.App. 239, 245 N.E.2d 677. A reading of all the instructions given by the court in the case at bar shows that the jury was properly instructed on the issue of proximate cause.

The judgment of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.

---

**3.** Ind.Code 8–6–7.6–1.