MISSOURI PAC. RY. CO. *v.* TEXAS PAC. RY. CO., (SULLIVAN, Intervenor.)

*(Circuit Court, E. D. Louisiana.* February 4, 1890.)

1. RECEIVERS—ACTIONS—JUDGMENT.
    Act Cong. March 3, 1887, known as the "Judiciary Act," provides that every receiver of property appointed by any court of the United States may be sued in respect of any act or transaction in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed, but such suit shall be subject to the general equity jurisdiction of the court in which the receiver was appointed. The act further provides that it shall not affect the jurisdiction over, or disposition of, any suit instituted in any court of the United States before the passage thereof. *Held,* that a judgment rendered in an action in a state court against a receiver appointed in an action in the circuit court instituted prior to the passage of the judiciary act, and which had been brought without the consent of the court appointing such receiver, was not conclusive as against him, but was subject to the equity jurisdiction of the court appointing him.

2. SAME—RAILROAD COMPANIES—PERSONAL INJURIES—JUDGMENT—WAIVER.
    Intervenor claimed damages for injuries to his wife, received while defendant railway company was in the hands of a receiver, and in support of his claim produced the transcript of a judgment rendered in the state court against such receiver. On reference to a master, intervenor produced a witness who further testified as to the fact and extent of the injury. *Held,* that this was a waiver of the right to claim that the judgment against the receiver was conclusive as to negligence and damages.

3. SAME—VERDICT—EXCESSIVE DAMAGES.
    Intervenor's wife was injured by the negligence of the employes of defendant railway. It appeared that she had been employed in keeping the boarding-car attached to the construction train; that by the accident her leg was broken, her arm dislocated, and her back, shoulder, and side injured. She had done most of the work on the boarding-car, but, by reason of her injuries, had been able to do nothing for two years. *Held,* that a verdict of $10,000 damages was excessive, and that it would be reduced to $5,000.

On Exceptions to the Master's Report. Intervention of Owen Sullivan.

*Rice & Armstrong,* for intervenor.

*Howe & Prentiss* and *T. H. Prendergast,* for defendant.

PARDEE, J. In this case, on October 26, 1888, the court made an order discharging the receiver, and directing the delivery to the defendant company of all property, funds, and assets in his hands as receiver. It is further provided in said order that the said company should take the said property subject to any and all judgments which have heretofore been rendered in favor of intervenors in the case, which have not been paid, as well as subject to such judgments as might be thereafter rendered by the court in favor of intervenors on interventions then pending and undetermined, or which might be filed prior to February, 1889. It further provides that all claims against the receiver, as such, up to the 31st day of October, 1888, be presented and prosecuted by intervention

prior to February 1, 1889, and, if not so presented by that date, the same be barred, and not to be a charge on the property of said company. Under this said order, the intervenor presented to this court his petition of intervention on the 3d day of January, 1889; and in his petition he alleges that on the 25th day of February, 1888, he recovered a judgment against John C. Brown, receiver of the Texas & Pacific Railway Company, in a suit entitled "Owen Sullivan against J. C. Brown, Receiver," on the docket of the district court of Harrison county, Tex., a court of competent jurisdiction, in the sum of $10,000, for injuries done to the wife of intervenor by a railroad engine operated by, and under the control of, said receiver, his agents and employes, all of which will more fully appear by the transcript and abstract of judgment attached. Further, that this judgment was appealed from by the said John C. Brown, receiver, to the supreme court of the state of Texas, in which court the said judgment was affirmed. He avers, also, that said judgment has never been paid, in whole or in part, and the said judgment was obtained when all the property of the defendant railway company was in the hands of, and under the control of, said John C. Brown, receiver. Intervenor prayed that his said petition of intervention be filed, and referred to one of the masters of the court for examination and report as to the binding effect of the same upon the said J. C. Brown, receiver, and that the said J. C. Brown, receiver, be ordered to pay intervenor the sum of $10,000, with interest, according to the terms of said judgment, and for equitable relief. Service of said petition being accepted by the attorneys of said Texas & Pacific Railway Company, an order was made referring the same to a special master for report. The special master has reported in favor of intervenor, on the ground that the suit in Harrison county was rightfully instituted, under authority of the act of congress, approved March 3, 1887, and the judgment therein rendered is conclusive against the receiver. The special master recommends that the receiver be ordered to pay the intervenor the amount of the judgment, interest, and costs, and the costs of this intervention. To this report the Texas and Pacific Railway Company have filed exceptions as follows:

"*First.* The master erred in holding that, under the judiciary act of congress of 1887, the intervenor had a right to sue the receiver in the state court without permission of this court. *Second.* The master erred in holding that the judgment of the state court was conclusive in the respect, and to the extent, stated by him in his said report. *Third.* The master erred in holding that there was any neglect on the premises on the part of the receiver. *Fourth.* The findings and report of the master are contrary to law and the evidence, and the evidence does not furnish any legal basis for the recovery and the report. *Fifth.* The judgment and claim of intervenor, and amount reported, are, in any event, excessive and inequitable; and, under said act of congress, this court has the right and power to, and should, reject the same, or reduce the amount of the report and recovery."

Subsequently supplemental exceptions were filed, as follows:

"(1) That the master erred in receiving or considering the judgment rendered in the state court, because the same was not admissible, and could not have any effect, for the following reasons: (*a*) Said suit was brought against

the receiver without the permission of this honorable court. (*b*) Because the said receiver, in the suit in the state court, by demurrer, excepted to the jurisdiction of the state court to proceed against them; and, if the foregoing should be overruled, the defendant further excepts that, even if said judgment of the state court against the receivers was in law conclusive, or had the effect given to it in the master's report, which is denied, yet claimants and intervenors herein, on the trial of the interventions before the master, after introducing the judgment of the state court, offered Mrs. Sullivan as a witness before the master, and voluntarily took testimony in regard to the claim, which amounted to a waiver of all rights under the judgment, and opened the whole case, so that it could be passed upon and decided by the master and by this honorable court in the same manner as though there had been no judgment rendered. (2) Said defendants further except to the said report on the ground that, even if the said receiver were guilty of negligence in the premises, which is expressly denied, yet, even in such case, that intervenors cannot recover, because said Mrs. Sullivan was also negligent, and by her fault and negligence contributed to the accident complained of."

1. In the case of *Barton* v. *Barbour*, 104 U. S. 126, the supreme court of the United States held—

"That when the court of one state has a railroad or other property in its possession for administration as trust assets, and has appointed a receiver to aid it in the performance of its duty by carrying on the business to which the property is adapted until such time as it can be sold with due regard to the rights of all persons interested therein, the court of another state has not jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against him for a cause of action arising in the state in which he was appointed, and in which the property in his possession is situated, based on his negligence, or that of his servants, in the performance of their duty in respect of such property."

That this was the law prior to the judiciary act of 1887 is not disputed. In this case, however, jurisdiction is claimed for the district court of Harrison county, state of Texas, over the receiver appointed in this court in the main suit, which was instituted in this court on the 15th day of December, 1885, by virtue of the third section of the judiciary act. approved March 3, 1887, correctly enrolled by act approved August 13, 1888, (25 St. at Large, 436,) which provides—

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

The repealing clause of the said judiciary act contains this proviso:

"That this act shall not affect the jurisdiction over, or disposition of, any suit removed from the court of any state, or suit commenced in any court of the United States, before the passage hereof, except as otherwise expressly provided in this act."

The question then presented is whether the permission given by said third section to institute suit against receivers in the United States courts without previous leave obtained of the court appointing the receiver af-

fects the jurisdiction of this court over the main suit. The case of *Barton* v. *Barbour, supra,* is authority for holding that the necessity of obtaining leave to prosecute a suit against a receiver appointed by another court is jurisdictional. This court has exclusive original jurisdiction over its receiver as to actions based on negligence in the operation of the trust property when the act of 1887 was passed. If the third section of that act went into immediate operation *quoad* this cause, then it seems clear that said act affects the jurisdiction over a suit then pending; and this the repealing clause prohibits. It also seems clear that whatever jurisdiction the district court of Harrison county acquired by said act was so much jurisdiction taken away from this court. It would seem to follow that, as to the receiver of the Texas & Pacific Railway, the act of 1887 did not take effect, and that therefore the district court of Harrison county, Tex., was without jurisdiction to entertain a suit against such receiver. If said court was without jurisdiction, then it follows that on the pending intervention this court is not concluded by reason of the verdict and judgment rendered upon the question of negligence, nor upon the quantum of damages. The third section of the act of 1887, quoted above, in terms provides that the suit so instituted in another court shall be subject to the general equity jurisdiction of the court in which the receiver is appointed, so far as the same shall be necessary to the ends of justice. The better opinion of the effect of said section is that it merely dispenses with leave of the court appointing the receiver, as a prerequisite to instituting a suit against him in another court, and that a suit brought thereunder has the same *status*, and a judgment rendered therein has the same effect, as if permission to sue had been regularly granted by the court appointing the receiver. However this may be, it is clear that when a judgment is so obtained, and is brought to the court of original jurisdiction to be ranked as a lien upon the trust funds, such judgment is subject to the general equity jurisdiction, and the duty of determining the rightfulness of the judgment, including whether the amount is just, is still imposed upon this court, as it would be if it had ordered an issue tried at law; for this court must still, in the language of the statute, exercise a "general equity jurisdiction, so far as the same shall be necessary to the ends of justice." In the present case, the proceedings before the master show that intervenor offered evidence, in addition to that contained in the record from the state court, tending to show the fact of injury, and the extent of damages, thereby waiving any right intervenor may have had to claim that his judgment was conclusive upon the question of negligence and damages. For these reasons I am of the opinion that in the present intervention the court may inquire as to whether or not the intervenor has a lien, and, if so, the rank and amount thereof, and that in such inquiry the court is not concluded in any way by the verdict and judgment produced from the district court of Harrison county, Tex.

2. The evidence submitted in this case on the intervention is practically the same evidence that was submitted on the hearing of the cause in the state court. It is only supplemented by the testimony of the in-

jured party that at the time of the hearing before the master she had not recovered from the injuries complained of. This evidence makes a case of negligence upon the part of the receiver's employes, through which the wife of the intervenor received the injuries complained of. It does not establish that by her negligence she contributed to such injuries. It is therefore a case in which the intervenor is entitled to damages. The amount of damages, however, is more difficult to determine. It appears that Mrs. Sullivan, the wife of intervenor, was employed in keeping a boarding-car for the receiver, in connection with the construction train, in which, according to her testimony, she did a large part of the work; that by the accident her leg was broken, her arm dislocated, her back, shoulder, and side injured. At the end of two years she had not recovered from such injuries, and was able to do little work. The injury occurred in May; and, according to her testimony, she was unable to walk until September. Previous to the injury she was a stout, healthy woman. At the time of the trial in Harrison county, she was hardly able to dress herself. The jury that heard her case gave a verdict of $10,000 damages. This amount is claimed to be, and I think is, excessive. The supreme court of Texas, in this very case, said:

"The verdict is large, and the court below, in the exercise of a sound discretion, might properly have set it aside; but the damages are not so great as to manifest that the jury were actuated by passion or prejudice, and therefore we cannot disturb the verdict because it may seem to us too large." *Brown* v. *Sullivan,* 10 S. W. Rep. 288.

This court, in determining the extent of intervenor's lien, as has been shown above, is not concluded by the verdict and judgment in the Texas court; and under all the circumstances, as developed by the evidence, it appears that the sum of $5,000 will be ample pecuniary remuneration to the intervenor for all such damages and injuries as can be compensated in money.

The following order will be entered in the case: This cause came on to be further heard upon the intervention of Owen Sullivan, and the master's report thereon, and exceptions thereto, and was argued, whereupon it is ordered, adjudged, and decreed, that the exceptions to the master's report be, and the same are hereby, sustained. It is further ordered that the intervenor do have and recover from the receiver, in this cause, the sum of $5,000, with 8 per cent. interest per annum thereon from the 4th day of May, 1887, and the costs of this intervention, and that the Texas & Pacific Railroad be condemned to pay the said judgment under the order of this court rendered on October 26, 1888, under which the said company retook possession of its railway property.