SHERMAN, SHREVEPORT & SOUTHERN RAILWAY COMPANY V.
A. L. EAVES.

Decided February 9, 1901.

**1.—Railroads—Negligence—Proximate Cause of Injury at Public Crossing.**

Where a train approached a highway crossing under full headway, without giving any signal or warning, its approach being shut off from the view of parties on the highway by a barn and orchard, and plaintiff's wife, in a buggy, had approached near the crossing without seeing or hearing the train, and her horse becoming frightened at the sudden passage of the train so near him, she sprang to his head to hold him, and was knocked down by him, dragged and otherwise injured, the negligence of the trainmen in failing to blow the whistle or ring the bell was the proximate cause of the injury, and the facts did not show contributory negligence on the part of plaintiff's wife in failing to look or listen.

**2.—Expert Evidence—Opinion—Hypothetical Question.**

Where there is no conflict in the evidence of the facts upon which an expert witness is called to give an opinion, a question which asks him to state, assuming the testimony to be true, his opinion thereon as to the point at issue, is not objectionable as requiring him to pass upon the evidence; nor is it necessary, if there be no conflict in the evidence, that the qustions should be put in hypothetical form.

**3.—Contributory Negligence and Proximate Cause—Charge—Qualification.**

Where, in a personal injury case, the court had given several special charges, one relating to proximate cause and the others to contributory negligence, and to the last one appended the qualification that if the person injured "was guilty of any act of negligence, that is, if she did not act as a person of ordinary prudence would have done under the circumstances, and her negligence caused or contributed to the injury, then she would be guilty of contributory negligence, and plaintiff can not recover; but if she did act as a person of ordinary prudence would have acted, then in no event would her acts prevent the plaintiff [her husband] from recovering on any of the theories submitted in any of the special charges," this stated a correct principle of law, and was not rendered erroneous by the fact that under a strict construction it applied also to the clause relating to proximate cause, to which it had no application and manifestly was intended to have none.

Appeal from Hopkins.  Tried below before Hon. Howard Templeton.

*Craddock & Looney,* for appellant.

*Crosby & Dinsmore,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee instituted this suit to recover of appellant damages for personal injuries to his wife alleged to have been caused by the negligent operation of a train.

Appellant answered by general denial, and especially that Mrs. Eaves was guilty of contributory negligence in driving too near the railroad track without stopping, looking or listening for the train, etc.  Plaintiff recovered, and defendant prosecutes this appeal.

The evidence shows that on September 4, 1899, Mrs. Ophelia Eaves, wife of the appellee, in company with Mrs. B. Odam and the little boy of the latter, were traveling in a single-horse buggy, without a top to it, along the public road leading into Cumby, Hopkins County, from the

south, which road crosses the railroad within a few feet of the appellant's depot at Cumby. The railroad track at Cumby and for some distance on either side runs east and west, and the public road which appellee's wife and those accompanying her were traveling, runs north and south, crossing the railroad at right angles at the depot. Appellee's wife and those with her were coming from the south and going toward the business part of the town of Cumby, which is located north of the depot. The depot itself is north of the main track, and between the depot and the main track is a side track, the side track being within eight or ten feet of the main track, and the depot platform is quite near the side track.

The road which appellee's wife was traveling was a public highway, and the chief one leading into Cumby from the south; was used a great deal by the people of that town and the country people living south from it. A large portion of the residence portion of Cumby is south of the railway track. The train was approaching from east, and an ordinary wind was blowing from the south. Along the road for some 300 yards from the crossing, the railway track at the crossing could be seen by a person in the highway.

On the east of and near the public road was a barn and orchard which obstructed the view, and a train approaching from the east could not be seen in approaching from the south until reaching a point about twenty feet from the railroad track. Mrs. Eaves and companion were driving in an ordinary gait, and when they reached within about that distance they saw a train coming from the east under full headway and about thirty or forty feet from the crossing. Immediately the buggy was stopped, they jumped out, Mrs. Eaves ran to the horse, caught hold of the rein, the horse became frightened, wheeled around, knocked her down, ran over her, pulled the buggy over her, her feet catching in the lines, and dragged her some twenty-five or thirty steps. She was cut and bruised in various places about the body and limbs and injured internally about the stomach and bowels. She was a stout, healthy woman before the injury, and prior thereto she had no irregularities in her monthly sickness. She has suffered from prolapsus of the womb, and has been flooding at frequent periods since. She suffered in other ways, but we deem it sufficient to say that the evidence shows that she was injured in a way that authorized the amount of judgment recovered. The evidence warrants the conclusion that there was negligence on the part of the servants operating the train in failing to blow the whistle and ring the bell in approaching the crossing, and that such negligence was the proximate cause of the injury. It also warrants the conclusion that Mrs. Eaves was not guilty of contributory negligence in approaching the crossing.

On the trial Dr. Dial was asked as an expert whether or not he had heard the testimony offered in the case as to the cause of and the manner in which the injuries to the shoulder and womb were sustained, to which he replied in the affirmative. Thereupon he was asked by plaintiff, "As-

suming the testimony of the witnesses which he had heard to be true, to what did he attribute the injuries to Mrs. Eaves' shoulder and womb?" To which question defendant then and there objected, because calling for an opinion of a witness upon the evidence as detailed by the witnesses, and requiring him to pass upon the evidence in the case, which objection was by the court overruled, and the witness permitted to answer that, assuming the facts detailed by the witnesses to be true, he would attribute the injury to the shoulder and to the womb to the accident by the fright of the horse by the train. This action of the court is assigned as error.

In the case of Armendiaz v. Stillman, 67 Texas, 458, cited by appellant's counsel in support of their position, the evidence was conflicting as to the issue about which the expert was interrogated, and Justice Stayton, in passing upon the admissibility of the expert's opinion in such a case, says: "If such a witness bases his opinion on a state of facts which he has heard other witnesses testify to, the value of his opinion depends upon the actual existence of the facts on which he bases it; and whether the facts so existed must be determined by the court or jury, and not by the expert. In cases in which the evidence is conflicting on the facts on which the opinion of the expert is founded, he can not be permitted to determine what the facts actually were and to give an opinion upon his own conclusion upon such conflicting evidence; for it is the province of the court or jury trying the case to determine the existence or nonexistence of the facts on which the expert's opinion is based. The evidence conflicting, if the defendants desired the opinion of the expert upon the state of facts which the evidence offered by them, including the evidence of the expert in so far as he stated facts, tended to establish, then they should have sought his opinion upon the hypothetical case thus made. This they did not. They simply asked for and received an opinion based upon conflicting evidence, which necessarily required the witness to pass upon disputed facts." See also Rogers on Exp. Test., 63-66.

It is to be noticed that the rule announced by Justice Stayton is based upon the fact that the opinion of the expert witness was elicited upon testimony of witnesses as to a condition about which there was a conflict in the testimony as to the cause that produced the condition. In the case under consideration there is no conflict as to the facts. There is no conflict as to Mrs. Eaves' condition before and after the accident, or that she received injuries at the time and in the manner she stated in her testimony. The issue was whether or not her condition after the accident was attributable to the injuries she then received, and the question required the witness to assume that the facts stated in regard to the injury were true. There was no necessity of a hypothetical question being propounded, as in propounding such a question the evidence of the witnesses, in substance, would have been embraced therein, there being but one state of the evidence and no conflict of the evidence as to the facts relating to when and how she was injured and her condition afterward. Jones v. Railway, 45 N. W. Rep., 444; Dwinnell v. Abbott, 43 N. W. Rep., 496;

Lawson on Exp. Ev., 2 ed., 175; Gates v. Fleicher, 67 Wis., 504; Wright v. Hardy, 22 Wis., 334.

The appellant requested the giving of six special charges, which the court gave. Five of these related to contributory negligence, and presented various theories deducible from the evidence as to the conduct and acts of Mrs. Eaves at the time of the accident. The other, which was the second special requested charge, was in effect that Mrs. Eaves could not recover unless the negligence of defendant was the proximate cause of the injury. To the sixth special charge the court appended this qualification: "If Mrs. Eaves was guilty of any act of negligence, that is, if she did not act as a person of ordinary prudence would have done under the circumstances, and her negligence caused or contributed to her injury, then she would be guilty of contributory negligence, and the plaintiff can not recover; but if she did act as a person of ordinary prudence would have acted under the circumstances, then in no event would her acts prevent the plaintiff from recovering on any of the theories submitted in any of the special charges."

The qualification expressed a correct principle of law, and as five of said charges were somewhat similar in their character and in some respects reiterated the same matter, it was not error as to these. While, by a strict construction, it might refer to the second special charge relating to "proximate cause," yet it has no application and was evidently not so intended by the learned trial judge.

The acts of Mrs. Eaves could in no event have affected the question of "proximate cause," and as her acts could relate only to the question of contributory negligence, it is not probable that the jury considered it in any other relation, and was not misled thereby.

We find no error requiring a reversal of the judgment, and it is affirmed.

### ADDITIONAL FINDINGS.

At the request of the appellant, we find, in addition to the facts heretofore found, the following: The railroad track going into Cumby from the east is up grade for about one mile, the depot being about the crest. The train that frightened Mrs. Eaves' horse was the local freight, and in ascending the grade made considerable noise by the exhaust of the engine, which could be heard some distance. It was heard by some of the defendant's witnesses one-half mile away.

*Affirmed.*

Writ of error refused.