# INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* MENZE.

[No. 21,360. Filed July 2, 1909. Rehearing denied October 1, 1909.]

1. TRIAL.—*Instructions.—Street Railroads.—Husband's Contributory Negligence.*—In an action by a husband against a street railroad company for injuries to his wife, an instruction that the only contributory negligence which could defeat the action would be that of the wife, is harmless, where there was no evidence tending to show the husband guilty of any negligence. p. 33.

2. TRIAL.—*Instructions.—Invited Error.*—Appellant cannot successfully complain of an alleged erroneous instruction, where the error therein was incorporated in instructions given at its request. p. 34.

3. DAMAGES.—*Statutory Limit.—Applicability in Action by Husband for Injuries to Wife.*—In an action by a husband for personal injuries inflicted upon his wife by a street railroad company, the statutory limit for the damages recoverable in cases of death (§285 Burns 1908, Acts 1899, p. 405) should be considered. p. 34.

4. DAMAGES.—*Excessive.—Husband and Wife.*—A judgment for $10,000 in favor of a husband, fifty-five years old, for damages for permanent injuries to his wife, forty-two years old, is excessive, where the husband's testimony showed that the wife's services were worth from eight to ten dollars per week to him, and that he had incurred a medical bill for $620 because thereof. pp. 35, 38.

5.   PLEADING.— *Complaint.— Damages.—Special.—Evidence Admissible.—Husband and Wife.*—Under a complaint by a husband against a street railroad company for injuring his wife, the complaint alleging that the husband had been thereby deprived of her "services," evidence of his loss of her aid, society and companionship is admissible, but not his loss of her assistance in his cigar business.   pp. 35, 37.

6.   DAMAGES.—*Evidence.—Injuries to Wife.—Question for Jury.—* The amount of damages sustained by a husband by reason of injuries inflicted upon his wife, is not susceptible of direct proof, but should be left to the sound discretion of the jury.   p. 36.

7.   APPEAL.— *Briefs.— Points.— Evidence.— Excessive Damages.—* Where appellant in the points in its brief asserts that the damages given were excessive, further stating the facts upon which the claim rested, and citing authorities supporting the point, the question of excessive damages is properly raised, though the evidence is not set out in the briefs, the judgment being excessive under any evidence admissible within the issues.   p. 37.

8.   DAMAGES.—*Insufficient for Wife.—Excessive for Husband.*—The Supreme Court, on an appeal from an excessive judgment in favor of a husband for injuries to his wife, cannot consider the fact that his wife had been given insufficient damages in her action.   p. 37.

9.   DAMAGES.—*Suffering.—Husband and Wife.*—In determining a husband's damages for injuries to his wife, neither her sufferings nor any mere sentimentality can be considered.   p. 37.

10.   EVIDENCE.—*Elements of Damages.—Negligence.—Husband and Wife.*—In an action by a husband for damages caused by injuries inflicted upon his wife, the elements of damage—such as the value of her assistance in his business, her services in the household, her society and companionship—cannot be separately estimated.   p. 38.

11.   APPEAL.—*General Reversal.—Excessive Damages.—Negligence.* —Where the Supreme Court is unable to say that a right result was reached on the question of defendant's negligence, a general reversal for excessive damages may be ordered, without giving the appellee an opportunity to remit.   p. 39.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Action by Christian Menze against the Indianapolis Traction and Terminal Company.   From a judgment on a verdict for plaintiff, defendant appeals.   *Reversed.*

*F. Winter, Samuel M. Ralston, W. W. Cook* and *W. H. Latta,* for appellant.

*Wymond J. Beckett* and *Jackson & Sample,* for appellee.

Montgomery, C. J.—Appellee recovered a judgment for $10,000 on account of personal injuries sustained by his wife in a collision between an automobile, in which she was riding, and a street-car.

Appellant's motion for a new trial was overruled, and this ruling is the only assigned error urged upon our attention.

A new trial was sought upon the grounds that the court erred in giving certain instructions, and that the damages awarded are excessive. The third instruction given advised the jury, in effect, that the only contributory negli-

1. gence that could defeat the action would be that on the part of the wife. It is suggested that contributory negligence on the part of the appellee would constitute a defense. Conceding the correctness of this proposition, it is not claimed that appellee was shown to have been in the slightest degree negligent, but, on the contrary, it appears to be undeniably true that he was wholly free from fault in connection with the accident. The omission of any statement concerning negligence, if any, on the part of appellee, was manifestly harmless. *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 4 L. R. A. (N. S.) 1081.

There was evidence to the effect that appellee's son, a boy sixteen years of age and residing with his parents, was in the employ of an automobile company at a garage, and was directed to take a machine over on Meridian street and deliver it to a customer. On the way he stopped at 814 North West street for his mother, who had but twice before ridden in an automobile, and proposed to take her to the family grocery. When a short distance from home, by a misturn of the lever by which the direction of the machine was governed, the automobile jumped the curb, and ran upon an open lawn, circled about among the trees and out to the street-car track, where it stopped for a short time, and was struck by a passing street-car.

It is argued that if this minor son was the agent of appellee his contributory negligence would bar a recovery, and that the third instruction given arbitrarily and wrongfully deprived appellant of the benefit of this theory of defense. If this point were well taken, a question upon which we intimate no opinion, it could not work a reversal of the cause, since such alleged erroneous declaration was incorporated in even stronger terms in the eighth and ninth instructions given at appellant's request, and the error, if any, was accordingly invited by appellant. *Duncan* v. *State* (1908), 171 Ind. 444, and cases cited.

. The sixth and eighth instructions given at the request of appellee, upon the subject of the duties of motormen while operating cars along the public streets, and as to the measure of damages in this case, were not erroneous.

Mrs. Menze was forty-two years of age at the time she was injured, and, in addition to the performance of her household duties, rendered some assistance to her husband in connection with the manufacture and sale of cigars. Appellee testified that her services were worth $8 or $10 per week to him; that he had incurred an indebtedness of $620 for medical services and medicines in the treatment of her injuries; that she sustained a fracture of the skull, which aggravated a preëxisting deafness, a fracture of the collar bone and shoulder blade, and was otherwise seriously bruised and injured; that she had not been able to perform her usual duties since the accident, and that some of her injuries are of a permanent character.

If the injury in this case had resulted in the death of Mrs. Menze the recovery could not have exceeded $10,000, and appellee's portion would have been but one-third of the sum recovered. §285 Burns 1908, Acts 1899, p. 405. In that case he would have been wholly deprived of her services, society and companionship for all time. The limitations of that statute can have no applica-

tion in actions for damages brought by the party wrongfully injured, but when such actions are brought, as this one is, for the loss of services of a wife or child this legislative declaration of the public policy of the State to fix the maximum value of the life of one person to others cannot be ignored. The limitation fixed by that statute does not in terms apply to actions like this, nor do we hold that it is controlling in this class of actions, and especially where special damages may be alleged and proved, but only that it is entitled to consideration.

The sum awarded in this case invested at five per cent would pay substantially the maximum amount which appellee claimed as the value to him of his wife's

4. services when she was in good health, without any deduction for occasional sickness, disability or depreciation of ability from the infirmities of age, leaving the principal forever unimpaired. Appellee was fifty-five years of age at the time of the trial, and his expectancy was seventeen and fifty-eight hundredths years. If we assume that he would live eighteen years, and his wife would live through that period, with unimpaired ability, the present worth of her services at $520 per year upon a five per cent basis would be $6,078.59, and adding to this the $620 account owing to the doctor, the total would be but $6,698.59. It may be urged that other medical bills will follow, but to offset such it is a matter of common knowledge, from the everyday experiences of mankind, that appellee's wife would be subject to occasional attacks of illness, more or less serious, and would suffer a gradual diminution of her abilities. It may be contended that appellee's testimony as to the value of her services was limited to her assistance in his cigar busi-

5. ness, but we do not so understand it, nor do we think such inquiry would have been competent, as no special damages were claimed in the complaint. The term "services" in actions of this character include any pecuniary injury suffered by the husband from the loss of the aid, society

and companionship of his wife.   The damages from the loss
of the services, society and companionship of a wife is
6.    not in its nature susceptible of direct proof, but when
the facts are shown the assessment of compensation
must be committed to the sound discretion and judgment of
the trial court or jury.   *Furnish* v. *Missouri Pac. R. Co.*
(1890), 102 Mo. 669, 15 S. W. 315, 22 Am. St. 800.

But in any view we are able to take of the subject the ver-
dict in this case appears excessive—so palpably excessive as
to necessitate the granting of a new trial.

In the case last cited, a judgment of $5,000, including a
medical bill of $800, for injuries resulting in practically total
disability was upheld.

In *Sherman, etc., R. Co.* v. *Eaves* (1901), 25 Tex. Civ. App.
409, 61 S. W. 550, a judgment of $3,500 for injuries in some
respects similar to those sustained by appellee's wife, was
held not excessive.

In *Zingrebe* v. *Union R. Co., etc.* (1900), 56 Hun, App.
Div., 555, 67 N. Y. Supp. 554, a judgment of $7,250 in favor
of a husband forty-seven years of age was sustained.

In the case of *Missouri Pac. R. Co.* v. *Texas Pac. R. Co.*
(1890), 41 Fed. 311, a verdict of $10,000 in favor of the hus-
band was reduced to $5,000 by the court, where the wife was
disabled from work and almost helpless for two years after
the accident.

We appreciate the impossibility of placing a value upon
the services and society of a dutiful wife, but under the ex-
isting standards prevailing in this State for making pe-
cuniary compensation for such injuries as are involved in
this case, we feel constrained to hold that a judgment of
$10,000 in favor of the husband is excessive.

Appellant's motion for a new trial on the ground of ex-
cessive damages should have been sustained.   The judgment
is reversed, with directions to sustain appellant's motion for
a new trial, and for further proceedings.

Indianapolis Traction, etc., Co. *v.* Menze—173 Ind. 31.

## ON PETITION FOR REHEARING.

MONTGOMERY, C. J.—Appellee's counsel, in support of the petition for a rehearing, insist that the question of excessive damages should have been treated as waived, because the evidence in regard to the wife's injuries and sufferings was not set out in appellant's brief. The point of excessive damages was specifically made, the facts and basis upon which the claim rested were stated, and authorities in support thereof cited. This was sufficient to present the question, since the damages awarded were manifestly excessive under any evidence admissible under the issues. Our opinion was not predicated upon partial, but upon the total disability of appellee's wife, and in this view of the case it was not necessary, or deemed within the bounds of propriety, to recite and publish the minutia of the wife's ailments, some of which were of a private nature. We are informed by counsel that in an action by appellee's wife to recover for her injuries she was awarded $3,000, which it is argued was too small, and therefore appellant's complaint of excess in this case ought not to be heard with favor. This argument is plainly improper and without weight. If the award of $10,000 had been made in favor of the wife, a very different question from that now before us would have been presented; but when a husband resorts to law for the recovery of pecuniary compensation for an injury to his wife, his damages must be determined, so far as practicable, on a financial basis. No allowance can be made for suffering which the wife must bear alone, nor should the legal claim be enhanced by mere sentimentality.

Counsel insist that the loss of the wife's services does not constitute special damages. We are not to be understood as having declared a contrary doctrine, but intimated only that a case might occur in which the injured wife could be shown to have been rendering services

to her husband of exceptional value outside of the usual domestic duties, which, if pleaded and proved, would entitle the husband to recover special damages.   Ordinarily in such actions the husband is entitled to recover, without special plea, for any injury sustained from loss of the aid, society and companionship of his wife.

It is contended that, in testifying to the value of his wife's services, appellee had reference only to the services rendered in connection with his cigar business, and that if this evidence was not proper it must, nevertheless, be considered, as no objection thereto was made.   The opinion plainly indicated that the amount of damages in this kind of a case is not susceptible of direct proof, and yet gave consideration to the statement of appellee as to the amount of his loss.   He testified that he had been doing the principal part of his own cooking and washing since his wife's disability, and that her services, of which he had been deprived, were worth $8 or $10 per week to him.   This estimate, we think, was meant to cover his entire loss, and in no event could the elements of his damage be split up, and testimony be received as to the value of her assistance in his business, her services in the household, and her society and companionship, as contended for by counsel.

It is claimed that this court has not said that the damages were "so outrageously excessive as to evince prejudice, partiality or corruption on the part of the jury."   We did not in terms so declare, but expressly held that the damages awarded were so palpably excessive as to necessitate the granting of a new trial.   In personal injury cases brought by the party injured, the jury is clothed with a liberal discretion in assessing damages, but in cases where one person is asserting a pecuniary interest in the life or services of another, his claim must be tested by reasonably well-established legal principles; and verdicts in such cases, which from their amount are manifestly the result of passion, prejudice or mistake of law, should be set aside.

This court is finally urged to indicate the precise amount of excess in the assessment of damages, and to give appellee an opportunity to remit the same, rather than compel the parties to retry the cause. We intimate no opinion as to our authority to make such an order in a proper case, but do not feel warranted in doing so in this case. The evidence was sharply conflicting upon the question of liability, and the jury wholly disregarded the testimony of appellant's witnesses, and accepted appellee's version of the accident. There was evidence to the effect that Mrs. Menze was guiding the automobile at the time it made the remarkable circle through an unfenced lawn and out to the middle of the street upon appellant's track, as well as evidence to the contrary; and since the jury, from some improper cause or motive, in our opinion, manifestly erred in assessing damages, it may be that it viewed the evidence on the merits with partiality and prejudice. This court is unable to say that a right result was reached on the issues of negligence, consequently the whole cause should be resubmitted to the proper tribunal for its determination.

The petition for rehearing is overruled.