## KINGAN & COMPANY, LIMITED, *v.* GLEASON.

[No. 7,980. Filed May 29, 1913. Rehearing denied February 27, 1914. Transfer denied April 1, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Cogwheels.—Duty to Guard.*—Where cogwheels are so located and protected by other parts of the machine that injury to a workman while in the discharge of his ordinary duties is not, in view of the danger of accident and mischance usually incident to the employment, reasonably to be anticipated, they are properly guarded within the meaning of the statute (§8029 Burns 1908, Acts 1899 p. 231, §9). p. 687.

2. MASTER AND SERVANT. — *Injuries to Servant.* — *Cogwheels.* — *Guards.*—*Masterial Duty.*—Where a cog gearing is located in close proximity to a portion of the machine which requires oiling, it is the master's duty to provide such guards as will afford protection to the servant, not only while he is engaged in operating the machine, but while he is engaged in oiling it as a part of his employment; hence where it was shown that the cogwheels on which plaintiff was injured while oiling the machine were at the back and lower part of the machine and near the oil tube, the court cannot say that the defendant had discharged its duty with respect to guarding such cogs, although they were to some extent guarded by other parts of the machine. p. 688.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Verdict.*—*Answers to Interrogatories.*—In a servant's action for injuries by coming in contact with cogwheels alleged not to have been guarded, answers by the jury to interrogatories from which the court cannot say that the defendant had discharged its duty with respect to guarding such wheels are not in conflict with a general verdict for plaintiff. p. 688.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Choice of Ways.* —*Assumed Risk.*—*Contributory Negligence.*—The rule that where two ways of performing a work are open to a servant, one of which is dangerous and the other safe, or one of which is attended with greater danger than the other, a servant, who, knowing the facts and realizing the danger, voluntarily chooses the more dangerous course, will be denied a recovery for any resulting injury, is applicable in all its strictness, in cases in which the doctrine of assumed risk is recognized; but can be sustained only upon the theory of contributory negligence, in cases where the doctrine of assumed risk does not obtain. p. 689.

5. NEGLIGENCE. — *Contributory Negligence.* — Contributory negligence consists of such conduct on the part of plaintiff, characterized by the want of such care as a person of ordinarly prudence would exercise under like circumstances, which directly contributes to produce the injury of which he complains. p. 689.

6. MASTER AND SERVANT.—*Injuries to Servant.*—*Choice of Ways.*— *Contributory Negligence.*—The court may say as a matter of law that a servant was guilty of contributory negligence in the choice of a way in which to perform his work, where the only reasonable conclusion that can be derived from the facts is that the danger incident to the mode adopted was open and obvious and of a character so imminent and threatening that no man of ordinary prudence would have taken the chances of encountering it; otherwise the question of contributory negligence in such case is for the jury. p. 690.

7. MASTER AND SERVANT.—*Injuries to Servant.*—*Contributory Neg-*

ligence.—Where plaintiff, who was injured by cogwheels while he was attempting to oil the machine, started to stop the machine for the purpose of oiling it and was directed by his foreman to oil the machine running, the verdict for plaintiff cannot be disturbed on the theory that plaintiff was guilty of contributory negligence in oiling it while in operation.  p. 690.

8.  TRIAL.—Verdict.—Answers to Interrogatories.—Answers to interrogatories will not overthrow the general verdict if they can be reconciled therewith by any evidence admissible within the issues.  p. 691.

9.  MASTER AND SERVANT.—Injuries to Servant.—Unguarded Cogwheels.— Assumed Risk.— Contributory Negligence.— Where the negligence charged against defendant consists in a failure to discharge a statutory duty the doctrine of assumed risk does not apply, so that where defendant failed to properly guard certain cogwheels in compliance with §8029 Burns 1908, Acts 1899 p. 231, §9, plaintiff could recover for injuries to his hand in being caught in such cogs notwithstanding he was at the time performing his work in the more hazardous of two ways open to him, unless he was guilty of a want of ordinary care in encountering the known danger, and the verdict in his favor could not be disturbed on the theory of contributory negligence where the evidence upon that point was such that opposite inferences could reasonably be drawn therefrom.  p. 691.

10.  MASTER AND SERVANT.—Injuries to Servant.—Unguarded Cogwheels.— Instructions.— An instruction that it was defendant's duty to guard the cogwheels of a machine by which plaintiff was injured, if it was practical and possible to do so, was not open to the objection that it required guards even though the wheels were protected by the machinery itself, where such referred to other instructions in which the jury was told that if other parts of the machine afforded a reasonable safeguard they were sufficiently guarded.  p. 692.

11.  APPEAL.—Review.—Harmless Error.—Instructions.—Defendant, in an action for injuries to a servant by reason of unguarded cogs, was not harmed by an instruction which failed to state that as a prerequisite to a verdict for plaintiff the unguarded condition of the cogs must have been the proximate cause of the injury, even if such omission was error where the evidence was such that the jury could have reached no other result under a proper instruction.  p. 693.

12.  APPEAL.—Review.—Instructions.—Damages.—In the absence of any evidence in the record which might have improperly influenced the jury in estimating the damages, an instruction directing it to consider all the facts and circumstances in the case in estimating the damages, though objectionable in not limiting the con-

sideration to the facts and circumstances bearing on the question of damages, could not have affected the amount of the verdict and was harmless. p. 693.

13. APPEAL.—*Review.*—*Refusal of Instructions.*—There was no error in the refusal of instructions fully covered by instructions given. p. 694.

From Superior Court of Marion County (79,247) ; *Clarence E. Weir,* Judge.

Action by Albert Gleason against Kingan & Company, Limited. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley, S. D. Miller* and *W. H. Thompson,* for appellant.

*Doan & Mathews,* for appellee.

LAIRY, J.—Appellee was an employe of appellant at the time he received the injury for which he sues, and was engaged in operating a machine known as a hoop stretcher. While he was enaged in oiling this machine, his hand was caught between two cogwheels and injured. It is the theory of the complaint that the oiling of the machine was a part of the work appellee was required to perform, and that the cogwheels which caused his injury were so located as to expose him to danger unless they were properly guarded. The negligence charged against the appellant is the failure to properly guard these wheels. A jury trial resulted in a verdict and judgment in favor of appellee. With the general verdict, the jury returned answers to a number of interrogatories. The court overruled appellant's motion for a judgment in its favor on these answers notwithstanding the general verdict, and this ruling presents the first question for consideration.

The first claim on behalf of appellant is that the answers to interrogatories show that it was not negligent in failing to guard the cogwheels in question for the reason that,

1. on account of their location and the structure of the framework and of other parts of the machine, they

were already properly guarded. If the wheels in question were so located and so protected by other parts of the machine, that the master, in the exercise of ordinary care and prudence, could not have anticipated or foreseen that any injury would probably result to any workman while in the discharge of his ordinary duties in view of the danger of accident and mischance usually incident to such employment, then it could be said that they were properly guarded within the meaning of the statute. §8029 Burns 1908, Acts 1899 p. 231, §9. *Vigo Cooperage Co.* v. *Kennedy* (1908), 42 Ind. App. 433, 85 N. E. 986; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549. As shown by

2. the answers to interrogatories the two cogwheels between which appellee's hand was caught and injured were at the back and lower part of the machine. The large wheel on the main shaft was about fifteen inches in diameter and the small wheel into which it was geared was about four and one-half inches in diameter and was located above the large wheel. The large wheel was about two and three-quarters inches from the north frame or casing of the machine which was about four feet high, twelve inches wide at the top and eighteen at the bottom. There was a small oil tube on the shaft between the large wheel and the north casing. At the time appellee was injured, he was attempting to take a plug from the oil tube between the large wheel and the north casing, while the cogwheels were in motion. The machine was operated by electricity and the large wheel revolved at the rate of about thirty-three revolutions a minute. It thus appears that the cog gearing was located in close proximity to a portion of the machine which required oiling. It was the duty of appellant to provide such guards as would afford protection to appellee not only while he was engaged in operating the machine but also while he was engaged in oiling it as a part of his employment.

3. From the answers to interrogatories, we are not able to say that appellant discharged its duty in this re-

spect. By the general verdict, the jury found that appellant was negligent and, in this respect the answers to the interrogatories are not inconsistent therewith.

On behalf of appellant, it is also claimed that the facts found by the answers to the interrogatories show that appellee, as a matter of law was guilty of contributory negligence. The facts thus found show that by shifting the belt to a loose pulley, appellee could have stopped the machine before attempting to oil it, and that, if this had been done, the machine could have been oiled with perfect safety and the injury would not have occurred. It has been frequently stated as a general rule that where two ways of performing a work are open to a servant, one of which is dangerous and the other safe, or one of which is attended with greater danger than the other, and where the servant knowing the facts and realizing the danger, voluntarily adopts the more dangerous course, he will be denied a recovery as against the master for any resulting injury. This rule applies in all its strictness to cases in which the doctrine of assumption of risk is recognized, for it has been long settled that a servant assumes the risk of injury from all known and appreciated dangers incident to his employment, even though they are occasioned by the negligence of the master. *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, 27 N. E. 741; *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424; *Richardson* v. *Carbon Hill Coal Co.* (1893), 6 Wash. 52, 32 Pac. 1012, 20 L. R. A. 338. In cases such as the one before the court, the doctrine of assumption of risk does not obtain; and, if the rule stated is to be applied in such a case, it must be sustained upon the principle of contributory negligence. Contributory negligence consists of conduct on the part of plaintiff characterized by a want of due care, which conduct directly contributes to produce the injury of which he complains. By due care is meant such care as a

person of ordinary prudence would exercise under 'like circumstances.    Whether a person was in the exercise of due care under the circumstances is generally a question of fact for the jury.    *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1.

In determining whether a servant was guilty of contributory negligence by selecting a way known to be dangerous where a safe way or a safer way of doing the work

6.    was open to him, it is proper to consider all the surrounding facts and circumstances.    If the danger incident to the mode adopted was open and obvious, and of a character so imminent and threatening that no man of ordinary prudence would have taken the chances of encountering it; and, if the facts are such that no reasonable mind could reach any other conclusion, then the question is one of law and the court may say that the servant was guilty of contributory negligence in adopting such dangerous course.    On the other hand, if the facts are of such a character that a person of ordinary prudence might have reasonably believed that the danger could be safely encountered by the exercise of proper caution, or where the facts are such that reasonable minds might differ in this regard, the question is one for the jury.    *Jenney Electric Mfg. Co.* v.

*Flannery, supra,* and cases there cited.    The plain-

7.    tiff in this case testified that on the day he commenced work on the machine the foreman came to him and inquired if he had oiled it.    Upon receiving a negative answer, the foreman directed plaintiff to oil the machine, and when he reached for the lever to throw the machine out of gear, the foreman said: "Never mind doing that, young man, it takes too much time; oil the machine running."    In view of this evidence, the jury may have properly found that appellee was not guilty of contributory negligence in attempting to oil the machine while it was running, even

though it would have been safer to have stopped it. It is well settled that answers to interrogatories will not

8. overthrow the general verdict if they can be reconciled therewith by any evidence admissible within the issues. *Union Traction Co.* v. *Barnett* (1903), 31 Ind. App. 467, 67 N. E. 205; *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512, 69 N. E. 253. It is also shown by the answers to interrogatories that plaintiff had a glove on the hand that was injured and that the glove caught in the cogs, but the answers further show that the injury was not due to the presence of the glove. The facts found by these answers do not show that appellee was guilty of contributory negligence as a matter of law. The court committed no error in overruling appellant's motion for judgment in its favor on the answers to interrogatories.

Appellant's next contention is that the evidence is not sufficient to sustain the verdict. It is insisted that the undisputed evidence shows a state of facts from which the court should say as a matter of law that appellee was guilty of contributory negligence. The undisputed evidence shows that the cogwheels which caused the injury were in plain view of appellee, and that the danger incident to an attempt to oil the adjacent part of the machine while the machine was in motion was open and obvious, and that he attempted to remove the plug from the oil tube on the shaft with full knowledge of the danger. The doctrine of assump-

9. tion of risk precludes a recovery by a servant in cases where his knowledge of the danger which caused his injury, and of the means of avoiding such danger, were equal to those of the master; but in cases where the doctrine of assumption of risk is not recognized, the plaintiff may recover unless he is guilty of a want of ordinary care in encountering the known danger. *Muren Coal, etc., Co.* v. *Copeland* (1910), 46 Ind. App. 230, 90 N. E. 489, 91 N. E. 508; *Rase* v. *Minneapolis, etc., R. Co.* (1909), 107 Minn. 260, 120 N. W. 360, 21 L. R. A. (N. S.) 138, and cases there

cited. The issue of assumption of risk was not in this case, for the reason that the negligence charged against appellant consists in a failure to discharge a duty imposed by statute. *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033; *Paul Mfg. Co.* v. *Racine* (1909), 43 Ind. App. 695, 88 N. E. 529. Upon the issue of contributory negligence the burden rested with the appellant and the verdict is in favor of appellee. To justify this court in setting aside the verdict on this issue, the undisputed evidence must disclose a state of facts from which no reasonable inference can be drawn, other than that the appellee was guilty of contributory negligence. If, from the facts proven, reasonable minds might draw opposite inferences, the question is one for the jury, and the conclusion reached by it can not be disturbed. Under the evidence in this case, we can not say that the jury was not warranted in reaching the conclusion that appellee exercised due care under the circumstances.

By instruction No. 9 given by the court of its own motion, the jury was told that, if under the other instructions given, it found that it was practical and possible for appellant to have guarded the cogs at the time appellee was injured, then it was its duty under such circumstances to guard them. The objection urged against this instruction is that it imposed upon appellant the duty of guarding the cogs in question if it was practical and possible to do so, even though they were already sufficiently guarded by the structure of the machine. This instruction refers to other instructions given, and by other instructions the jury was explicitly told that, if it found from the evidence that the other parts of the machine by reason of the manner of its construction afforded a reasonably safe guard for the cogs in question, then it might find that the cogs were sufficiently guarded at the time of the injury to ap-

pellee. Considering the instructions as a whole, we do not think that the jury could have been misled on this point.

The court is of the opinion that instruction No. 16 is not open to the objection urged against it; but even though it may be said that it is defective in failing to require the jury to find, as a prerequisite to a verdict for the plaintiff that the unguarded condition of the cogs was the proximate cause of the injury, we do not regard the defect as fatal. The undisputed evidence in this case shows that the unguarded condition of the cogwheels was the proximate cause of appellee's injury, and that there was no independent intervening cause. As the jury could have reached no other result under a proper instruction, the error, if any, was harmless. *Indianapolis Traction, etc., Co.* v. *Menze* (1909), 173 Ind. 31, 88 N. E. 929, 89 N. E. 378; *Indianapolis Traction, etc., Co.* v. *Formes* (1907), 40 Ind. App. 202, 80 N. E. 872.

Instruction No. 17 relates to the measure of plaintiff's damages in the event of recovery. The attention of the jury is called to the various elements of damage that it may properly consider in fixing the amount to be awarded, and the instruction concludes with the language following: "and from all the facts and circumstances in the case as shown by the evidence, determine upon such sum as will fairly compensate plaintiff for the injuries received, not however, exceeding the amount named in the complaint." Appellant objects to the language quoted, upon the grounds that it authorizes the jury to consider all the facts and circumstances of the case in estimating damages and that it does not limit the jury in assessing damages to a consideration of facts and circumstances in evidence bearing upon the question of damages. Appellant's contention seems to be sustained by the cases cited in its support. *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 81 N. E. 492; *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98; *Broadstreet* v. *Hall* (1904),

32 Ind. App. 122, 69 N. E. 415; *Knoefel* v. *Adkins* (1907), 40 Ind. App. 428, 81 N. E. 600. A jury is presumed to be composed of men of ordinary understanding and intelligence; and, if this presumption is indulged, we think that it is not going too far to say that such a jury would not, ordinarily, be misled by an instruction such as the one under consideration. We think that an instruction directing the jury to consider all the facts and circumstances in the case in estimating the damages to be awarded would be understood to mean that they should consider all the facts and circumstances bearing upon the question of damages, unless the evidence discloses some exceptional facts or circumstances which would probably mislead the jury in estimating the damages. In each of the cases cited, wherein the giving of a similar instruction was held to be reversible error, there was evidence as to facts and circumstances which, from their nature, might have influenced the jury improperly in estimating the damage. These facts and circumstances are, in each case, carefully pointed out by the court, and their injurious tendency is emphasized as having an important influence on the conclusion reached. We have examined the record in this case and we find no evidence of any fact or circumstance which would have a tendency to induce the jury to increase the amount of damages, through passion, prejudice, undue pity, or from which it might have been led to impose punitive damages. In view of the evidence in this case, we can not think that the form of this instruction had any effect upon the amount of damages awarded.

It is further asserted that the court erred in refusing to give certain instructions tendered and requested by appellant. We have examined these instructions and have 13. reached the conclusion that instructions Nos. 10, 11 and 12 were properly refused because they do not contain an accurate statement of the law applicable to the

facts proven.   The other instructions tendered seem to have been fully covered by instructions given.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 1027.  As to master's duty to guard or enclose dangerous machinery, see 98 Am. St. 299.  Upon employer's right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381.  As to what is comprehended in expression "machinery of every description" in statutes imposing duty on master as to placing guards, see 30 L. R. A. (N. S.) 36.  For common practice as the measure of master's duty to guard machinery, see 16 L. R. A. (N. S.) 140.  As to assumption of obvious risks of hazardous employment, see 1 L. R. A. (N. S.) 272.  As to assumption of risk of defective tool machine, or appliance, where the defect is obvious, but its importance not appreciated, see 13 L. R. A. (N. S.) 692.  As to contributory negligence of employe in obeying direct command, see 30 L. R. A. (N. S.) 441.  See, also, under (1) 26 Cyc. 1133, 1134; (3) 26 Cyc. 1513; (4) 26 Cyc. 1188, 1257; (5) 29 Cyc. 505; (6) 26 Cyc. 1482; (7) 26 Cyc. 1272; (8) 38 Cyc. 1929; (9) 26 Cyc. 1180; (10) 26 Cyc. 1492, 1497; (11) 38 Cyc. 1812; (12) 38 Cyc. 1814; (13) 38 Cyc. 1711.